| PROB 22 (Rev. 1/24) | | DOCKET NUMBER (Tran. Court) |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | 23CR01870-001-BAS |
| | | DOCKET NUMBER (Rec. Court) |
| | | 2:25-cr-00275-JCM-EJY-1 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | | DISTRICT | DIVISION |
|---|---|---|---|
| Victor Abraham Ruiz James<br>5506 Plainview Avenue<br>Las Vegas Nevada 89122 | ✓ FILED  ___ RECEIVED<br>___ ENTERED  ___ SERVED ON<br><br>SEP 09 2025<br><br>CLERK, U.S. DISTRICT COURT<br>DISTRICT OF NEVADA<br>BY: _____AMMi_____ DEPUTY | Southern California | San Diego |
| | | NAME OF SENTENCING JUDGE | |
| | | Cynthia Ann Bashant<br>Chief U.S. District Judge | |
| | | DATES OF | FROM | TO |
| | | supervised release | 05/16/2025 | 05/15/2027 |

**OFFENSE**

8 U.S.C. § 1324(a)(2)(B)(iii), Bringing in Aliens Without Authorization, a Class C felony.

**JUSTIFICATION/REASON FOR TRANSFER** (e.g., prosocial ties, employment/education opportunities, violation of supervision)

Mr. Ruiz James has no significant ties to the Southern District of California and expects to remain in the District of Nevada for the remainder of supervised release. The probation office in the District of Nevada has requested a transfer of jurisdiction to allow any future concerns be addressed efficiently by the district wherein the offender is supervised.

### PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. § 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the District of Nevada upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

| 9/3/2025 | _/s/ Cynthia Bashant_ |
|---|---|
| Date | Cynthia Ann Bashant<br>Chief U.S. District Judge |

*This sentence may be deleted at the discretion of the transferring Court.

### PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| September 11, 2025 | _/s/ James C. Mahan_ |
|---|---|
| Effective Date | United States District Judge |

AO FOR BSC

**UNITED STATES PROBATION OFFICE**
**DISTRICT OF NEVADA**
**MEMORANDUM**

RE: Victor Abraham Ruiz James
Case No.: To be assigned

## REQUEST ACCEPTANCE OF TRANSFER OF JURISDICTION

September 9, 2025

TO:    United States District Judge

On April 8, 2024, Mr. Ruiz James was sentenced to Time Served, followed by 3 years of supervised release for the offense of Bringing In Aliens Without Authorization in the Southern District of California. On April 10, 2024, the Southern District of California requested the District of Nevada assume supervision of his case. The Southern District of California advised; Mr. Ruiz James was a resident of Nevada prior to committing his offense and welcome to reside with his grandmother in Las Vegas.

This plan was ultimately denied, but Mr. Ruiz James was offered the opportunity to reside at the Residential Reentry Center (RRC) in Las Vegas, NV. On April 23, 2024, he accepted the RRC modification to his conditions of supervision.

Prior to Mr. Ruiz James' RRC placement, his grandmother, Ms. Recinos, contacted the probation office via telephone on May 7, 2024. According to her, he left her residence with his 17-year-old cousin – Adriana Perez. Additionally, Mr. Ruiz James threatened to take his own life if he was separated from Ms. Perez. This same date, Officer Muruato contacted him via telephone. Mr. Ruiz James refused to provide his whereabouts and admitted to being involved romantically with Ms. Perez. Officer Muruato later denied the proposed supervision plan, due to him absconding in the District of Nevada. Officer Muruato also informed the Southern District of California; it appeared he was involved in an incestuous relationship.

On June 10, 2024, the Southern District of California issued a warrant for Mr. Ruiz James' arrest for violations of his supervised release. Specifically, his failure to report to the probation office. There was no mention of the incestuous relationship in the petition. On March 1, 2025, Mr. Ruiz James was arrested by the Las Vegas Metropolitan Police Department (LVMPD) for misdemeanor Driving Without a Driver's License and his outstanding Supervised Release Violation Warrant. On March 13, 2025, Mr. Ruiz James Initially Appeared in the Southern District of California and was released back to Las Vegas, NV.

The probation office in the District of Nevada was not informed of Mr. Ruiz James' release until March 17, 2025. This same day, he reported to the probation office unannounced. A United States Probation Officer met with Mr. Ruiz James and a younger, visibly pregnant, female. The unknown female was later identified as 17-year-old Adriana Perez. Again, Ms. Perez is his

ADDENDUM TO PETITION (Probation Form 12)
RE: Victor Abraham Ruiz James

cousin. It was later determined that Ms. Perez was reported as a runaway juvenile by her mother in May of 2024 (LVMPD Event# LLV230800092328). Although, this was later retracted by Ms. Perez's family.

On May 16, 2025, Mr. Ruiz James appeared telephonically for his final revocation hearing. At the conclusion of the hearing, the petition was dismissed, and he was continued on supervision for 24 months. It should be mentioned, the Court in the Southern District of California, was never informed of Mr. Ruiz James' incestuous relationship with Ms. Perez.

On June 21, 2025, the undersigned officer received another supervision plan for Mr. Ruiz James from the Southern District of California. On July 23, 2025, the undersigned officer contacted Mr. James', Ms. Perez, and their infant daughter, Jessica, at their new proposed residence. The apartment was extremely unsanitary and did not appear to be suitable for an infant. The undersigned officer was immediately concerned with their ability to care for Jessica.

Later this same day, the undersigned officer submitted a child neglect report to the Nevada Department of Child and Family Services (DCFS) regarding Mr. Ruiz James' infant daughter (Report# 2150166). The undersigned officer raised concern with the condition of the residence and possible incest.

On July 28, 2025, the undersigned officer contacted Ms. Recinos via telephone. She expressed extreme concern with Mr. Ruiz James' relationship with Ms. Perez. She confirmed they are both her grandchildren. Attempts to contact Ms. Perez's mother were unsuccessful. This same day, Mr. Ruiz James reported to the probation office. The undersigned officer questioned him on his relationship with Ms. Perez. At first, Mr. Ruiz James denied being related to her. After further discussion, he admitted they were 1st cousins, and her mother was his aunt. It should be noted, Ms. Perez turned 18-years-old in April of 2025.

The undersigned officer offered mental health services to Mr. Ruiz James due to multiple reports of suicidal ideations from his Pre-Sentence Report and family. He stated he was not interested in participating in programming.

On July 29, 2025, DCFS Case Worker, John Fitz, contacted the undersigned officer via telephone. He reported, he conducted a child welfare check at the previously mentioned residence. Mr. Fitz indicated the undersigned officer's report was validated by the home visit.

The undersigned officer consulted with Las Vegas Metropolitan Police Department (LVMPD) on the following Nevada Revised Statue (NRS):

ADDENDUM TO PETITION (Probation Form 12)
RE: Victor Abraham Ruiz James

**NRS 201.180   Incest: Definition; penalty.**   Persons being within the degree of consanguinity within which marriages are declared by law to be incestuous and void who intermarry with each other or who commit fornication or adultery with each other shall be punished for a category A felony by imprisonment in the state prison for a minimum term of not less than 2 years and a maximum term of life with the possibility of parole, and may be further punished by a fine of not more than $10,000.

Consanguinity refers to the state of being related to someone by descent from a common ancestor. This term encompasses relationships between siblings, parents and children, grandparents, and grandchildren, as well as more distant relatives such as cousins.

LVMPD advocated they would be willing to charge an individual who was engaged in a sexual relationship with their 1st cousin. Based on the above-highlighted investigation, Mr. Ruiz James appears to be involved in an unlawful relationship with Ms. Perez. In direct violation of Mandatory Condition #1: The defendant must not commit another federal, state, or local crime. LVMPD did indicate this type of investigation would not be hasty as they would require DNA testing.

On August 14, 2025, DCFS Case Worker Fitz and the undersigned officer contacted Mr. Ruiz James at his residence. The apartment was cleaned and appeared suitable for a child. However, Mr. Ruiz James' indicated he needed to move due to a confrontation with another tenant on the property. DCFS agreed to provide housing resources, if they were unable to find another residence. Moments after the contact, Mr. Ruiz James contacted DCFS Case Worker Fitz via telephone. He reported they needed to find a new residence because they were being evicted. Mr. Ruiz James had failed to pay rent and owes the landlord thousands of dollars.

On August 21, 2025, Mr. Ruiz James was placed at a DCFS Shelter in Las Vegas, NV, with Ms. Perez and their infant child. It was later verified by the undersigned officer during a home inspection. Mr. Ruiz James claims to have recently obtained employment in Las Vegas, NV, with a local car dealership. At this time, it is unconfirmed. Based on Mr. Ruiz James' Pre-Sentence Report, it appears he has significant communal and familial ties to the District of Nevada.

Your Honor should be aware, DCFS has no interest in assisting LVMPD with DNA testing to prove that Mr. Ruiz James' is engaged in an incestuous relationship with his cousin. Furthermore, Mr. Ruiz James has informed DCFS they wish to have more children. The probation office is deeply concerned with the developmental issues of their child and future children. Both, physically and mentally.

ADDENDUM TO PETITION (Probation Form 12)
RE: Victor Abraham Ruiz James

The probation office in the District of Nevada conditionally agreed to supervise Mr. Ruiz James, if the Southern District of California notified their court of his noncompliance. On August 26, 2025, the Honorable Cynthia Ann Bashant was advised of the concerns highlighted above.

It is respectfully requested the court accept jurisdiction of this case. Should the Court agree with this request, please countersign the attached Probation Form 22 already signed by the Honorable Cynthia Ann Bashant agreeing to relinquish jurisdiction of this case. As noted above, the sentencing Judge has been notified of the current potential criminal activity. The probation office does not see an appropriate avenue to pursue in alleging a new law violation. The undersigned officer can only rely on the wisdom of the court when considering any further actions regarding this matter. The probation office will continue to communicate with LVMPD and DCFS regarding the incest allegation.

Should Your Honor have any questions or concerns, please contact the undesigned officer at (702) 378-0704 or Zachary_warner@nvp.uscourts.gov

Respectfully submitted,

Digitally signed by Zack Warner
Date: 2025.09.09 13:42:08 -07'00'

Zachary Warner
United States Probation Officer

Approved:

Digitally signed by Steve Goldner
Date: 2025.09.09 13:40:12 -07'00'

Steve M Goldner
Supervisory United States Probation Officer